Matter of Mateo (Commissioner of Labor) (2018 NY Slip Op 03793)





Matter of Mateo (Commissioner of Labor)


2018 NY Slip Op 03793


Decided on May 24, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2018

525759

[*1]In the Matter of the Claim of GERHSON MATEO, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: April 3, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and Aarons, JJ.


Gerhson Mateo, San Juan, Puerto Rico, appellant pro se.
Barbara D. Underwood, Attorney General, New York City (Dawn A. Foshee of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 19, 2017, which dismissed claimant's appeal from the decision of an Administrative Law Judge.
Claimant was initially disqualified from receiving unemployment insurance benefits on the ground that he voluntarily left his employment without good cause. He requested a hearing at which he failed to appear despite notice and several phone calls by the Administrative Law Judge (hereinafter ALJ) to the number that he had provided. The ALJ held claimant in default and sustained the initial determination. Claimant applied to reopen the default decision, albeit without any explanation for his default, then failed to appear at a second hearing despite advance notice. The ALJ again held claimant in default, denied his application to reopen and sustained the initial determination denying benefits. Claimant appealed to the Unemployment Insurance Appeal Board. The Board found that claimant had not
offered any explanation for his failure to appear at the hearings. Noting that no appeal lies from a default, the Board determined that claimant was statutorily precluded from taking the appeal and dismissed it.
We affirm. Claimant has never offered any explanation or shown good cause for his multiple defaults before the ALJ and, on this appeal, only addresses the merits of the initial determination (see 12 NYCRR 461.4 [c]; 461.8). Inasmuch as claimant had a right to appeal to the Board from the ALJ's decision only if he had "appeared at the hearing" (Labor Law § 621 [1]), the Board correctly determined that he was precluded from taking an appeal (see Matter of Dutta [Commissioner of Labor], 92 AD3d 1062, 1063 [2012], lv dismissed 20 NY3d 915 [2012]). Accordingly, claimant's challenges addressed to the merits of the initial determination are not before us.
McCarthy, J.P., Egan Jr., Lynch, Devine and Aarons, JJ., concur.
ORDERED that the decision is affirmed, without costs.